**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Walter REYNOLDS, Defendant–Appellant.**

No. 95–3337.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1996.

Decided Feb. 26, 1996.

John M. Wilka, Sioux Falls, South Dakota, argued, for appellant.

Michelle G. Tapken, Assistant U.S. Attorney, Sioux Falls, South Dakota, argued, for appellee.

Before McMILLIAN, LAY and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

Walter Reynolds appeals his conviction of one count of abusive sexual contact in violation of 18 U.S.C. §§ 2244(a)(1) and 2245(3). On appeal, the issue presented is whether the district court abused its discretion in excluding the defendant's expert testimony.

The evidence at trial showed that, on June 24, 1994, Reynolds and his wife rode together in their van with Gail Fischer and her children to a wildlife refuge. All three adults were drinking. Fischer, the victim's mother, was driving the van. Reynolds' wife was in the front passenger seat. Reynolds was in the back seat with the victim, Fischer's six-year-old daughter.

The testimony indicated that Reynolds had the victim sit on his lap, placed his hands inside her shorts, and fondled her private parts. Fischer observed these events in the rear view mirror and told her daughter to move off Reynolds' lap. The victim herself testified to the same effect and stated that she told her mother what Reynolds did.

The defense called Dr. Hollida Wakefield as an expert witness. Dr. Wakefield stated that she was prepared to testify both to the suggestibility and memory of young victims and generally concerning the reliability of various techniques for interviewing them. After a hearing, the district court, the Honorable Lawrence L. Piersol, presiding, determined that she could testify, but limited to the issue of the memory and suggestibility of young victims. Citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, ——, 113 S.Ct. 2786, 2795, 125 L.Ed.2d 469 (1993),[1] the court reasoned that expert testi-

---

1. Under *Daubert*, four non-exclusive factors guide the court in assessing whether proffered expert evidence is reliable: (1) whether the technique has been tested; (2) whether the technique has been subjected to peer review and publication; (3) the technique's rate of error, if known;

mony must be both relevant and reliable to be admissible, and found the proffer of testimony concerning interviewing techniques to be irrelevant, as no evidence that the victim was interviewed had been introduced.

■ We review the exclusion of expert testimony for an abuse of discretion. *See, e.g., United States v. Barta,* 888 F.2d 1220, 1223 (8th Cir.1989). Reynolds contends the lower court abused its discretion in refusing to admit Dr. Wakefield's testimony concerning the effects of interrogation on a young victim's testimony. He contends that, once an expert's methodology is proven reliable, relevant expert testimony must be admitted and its weight is for the jury to decide.

■ The difficulty with Reynolds' argument is that it assumes the expert testimony proffered was *relevant.* We need not reach the issue of whether the evidence was *reliable,* as the trial court held a *Daubert* hearing and properly determined that, although testimony concerning memory and suggestibility was admissible, testimony concerning interviewing techniques was not *relevant* to Reynolds' case. The trial court so determined because of the absence of evidence suggesting the victim had been interviewed, and because the victim's mother observed the sexual abuse and immediately confirmed her observation with the victim. Thus, under *Daubert*'s requirements that expert testimony be reliable *and* relevant, *see Daubert,* 509 U.S. at ——, 113 S.Ct. at 2795, the testimony concerning interviewing techniques was properly excluded.[2]

The judgment of the district court is therefore affirmed.

and (4) whether the technique is generally accepted. 509 U.S. at ——, 113 S.Ct. at 2796.

**2.** Moreover, in response to questioning about the victim's memory and suggestibility, the expert apparently offered testimony concerning interview techniques without objection. Thus, Reynolds was not prejudiced by the court's ruling.